UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RAY JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-3963 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Petitioner's Motion to Be Relieved of a Final Judgment (Dkt. #6). Having reviewed the record, the motion, and the relevant law, the Court is of the opinion that Petitioner's motion should be DENIED.

## Background

On November 10, 2000, Petitioner Charles Ray Jones ("Jones") was convicted and sentenced in the 329th District Court in Wharton County, Texas to two concurrent terms of 25 years in prison for murder and aggravated robbery after he entered a plea of guilty. Jones did not file an appeal. On March 28, 2002, Jones filed a state application for a writ of habeas corpus. Jones has not provided the outcome of this application, but, as stated in this Court's Memorandum and Order mentioned below, the outcome was immaterial.

On October 12, 2002, Jones executed his original federal habeas petition and ultimately filed it with this Court. Jones raised the following two grounds in his petition: (1) denial of effective assistance of counsel because his lawyer failed to file a motion for psychiatric examination; and (2) his guilty plea was not knowingly and voluntarily made.

On September 9, 2003, this Court entered a Memorandum and Order (Dkt. #4) and Judgment (Dkt. #5) dismissing Jones' habeas case. The Court concluded that Jones' federal habeas petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations. The Court noted that no conditions indicating that Jones was entitled to equitable tolling were alleged.

On August 6, 2007, Jones executed his Motion to be Relieved of a Final Judgment. Jones presently argues that his case should be reopened under Rule 60(b)(5) and Rule 60(b)(6) because there was a defect in the integrity of the federal habeas proceedings. Specifically, Jones claims that he is entitled to equitable tolling of the AEDPA limitations period because of his alleged paranoid schizophrenia mental condition. Jones asserts that he began receiving treatment for this condition shortly after he became incarcerated and that it prevented him from filing a timely habeas petition. According to Jones, his condition forced him to rely on a fellow inmate for assistance with his original petition. This fellow prisoner allegedly failed to assist in submitting adequate medical records to the Court with Jones' original habeas petition. Jones claims that these facts constitute "extraordinary circumstances" that warrant equitable tolling.[1]

## Discussion

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Supreme Court explained how Rule 60(b) motions are to be analyzed in Section 2254 cases. The Fifth Circuit has summarized the Supreme Court's ruling as follows:

> Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is

---

[1] Jones' brief states that he is currently being assisted by a new fellow prisoner, who, through the exercise of "due diligence," discovered the mistakes of Jones' first assisting fellow prisoner.

> available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions.  It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief.  The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."  The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits.  Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

*Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

The Court finds that it presently does have jurisdiction over Jones' Rule 60(b) motion. The Fifth Circuit has held that the AEDPA filing provision is a statute of limitations subject to equitable tolling.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Because Jones challenges the propriety of the Court's AEDPA limitations ruling, his motion is properly characterized as a challenge to the integrity of the underlying federal habeas proceedings. Accordingly, the Court will analyze Jones' Rule 60(b) argument.

The Supreme Court has held that a habeas petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct 453, 112 L.Ed.2d 435 (1990)).  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.

1999)(citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The Fifth Circuit has recognized "the possibility that a petitioner's mental incompetency might support equitable tolling of a limitation period." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)(citing *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir. 1999)). However, a claim of mental incompetency does not automatically entitle a prisoner to equitable tolling. *Id.* In the context of mental incompetency, the justification for equitable tolling must be evaluated on a case by case basis. *Id.* Furthermore, to be entitled to relief a petitioner must present sufficient proof that his mental condition prevented him from asserting his rights. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th cir. 2000); *Smith v. Johnson*, 247 F.3d 240 (5th Cir. 2001)(per curiam); *Smith v. Dretke*, 2005 WL 1745469, *4-6 (S.D. Tex. July 22, 2005); *Hennington v. Johnson*, 2001 WL 210405, *4 n. 9 (N.D. Tex. February 28, 2001)(citing *United States ex rel Wright v. Carter*, 1998 WL 142414, *2 (N.D. Ill. March 28, 1998)).

In support of his Rule 60(b) motion, Jones has submitted a short brief. His brief contains the following relevant allegations: (1) he was diagnosed with paranoid schizophrenia shortly after his incarceration; (2) he was treated for paranoid schizophrenia while in prison; (3) the first fellow prisoner to assist Jones did not adequately help to include his medical records with his original habeas petition; and (4) his condition prevented him from filing a timely habeas petition.

Jones has also submitted 30 pages of psychiatric records. (Dkt. #6 at 4-34). These unverified records appear to be doctors' notes involving Jones' psychiatric treatment and evaluation. The earliest record is dated January 14, 2003, while the latest record is dated April 24, 2007. The records indicate that Jones was first observed with paranoid schizophrenia on February 27, 2001. (Dkt. #6 at 23). The notes occasionally indicate that Jones reported experiencing delusions. However, all of the notes indicate that Jones was mentally normal in all other respects. Virtually all of the psychiatric records indicate that Jones' thought processes,

thought content, insight and judgment, and cognition were within normal levels. Some entries even indicate that Jones was feeling good and was asymptomatic.

The Court finds that Jones has not submitted sufficient evidence to warrant equitable tolling. Jones' allegations contained in his brief are bald assertions without any factual support and therefore cannot support a finding of extraordinary circumstances. Jones unverified psychiatric records also do not support his claims. The records indicate that Jones' mental functioning was largely normal, even though he had occasional delusions. Such conditions would not prohibit Jones from asserting his rights and certainly do not amount to extraordinary circumstances.

The Court further finds that Jones is not entitled to equitable tolling because he has not shown that he has diligently pursued his rights. Jones was convicted and sentenced in state court on November 10, 2000 and he did not file an appeal. Jones filed his state application for a writ of habeas corpus on March 28, 2002. Jones has not accounted for this time period. Furthermore, Jones filed his Rule 60(b) motion on November 6, 2007, which is more than four years after this Court entered its Memorandum and Order and Judgment dismissing Jones' original petition. Jones has not adequately explained this lengthy delay.

## Conclusion

Jones' Motion to Be Relieved of a Final Judgment (Dkt. #6) is hereby DENIED.

It is so ORDERED.

Signed this 29th day of January, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE